UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON SNIPES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, and ROBERT WILKIE, Secretary of the United States Department of Veterans Affairs,<br><br>　　　　Defendants. | Case No. 18-cv-03259-TSH<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 89 |

## I.　INTRODUCTION

In this Title VII employment discrimination case, the parties have filed a joint discovery letter in which the government moves to compel Plaintiff Allison Snipes to produce complete, unredacted copies of the treatment notes from her therapist, Zora Kolkey. ECF No. 89. Having considered the parties' positions and relevant legal authority, the Court **DENIES** the government's motion for the following reasons.

## II.　BACKGROUND

Snipes grew up in the Pentecostal faith and considers church and family the two most important aspects of her life. Third Am. Compl. ¶ 14, ECF No. 44. She alleges her former supervisor at the U.S. Department of Veterans Affairs, Elizabeth Turner-Nichols, often expressed to Snipes her contempt for religious people that did not follow the religious beliefs they professed to hold. *Id.* ¶ 19. Snipes alleges Turner-Nichols discovered she was having a romantic relationship with a man in violation of the strict Pentecostal rules, summoned Snipes to her office, and ordered her to call her parents and "come clean," revealing all the intimate details of her romantic activities to her parents. *Id.* ¶ 20. She alleges Turner-Nichols discriminated against her on the basis of religion and sex, violated her privacy, and intentionally caused her emotional

United States District Court
Northern District of California

distress. *Id.* ¶ 19. In the operative third amended complaint, Snipes alleges six causes of action: (1) sex discrimination under Title VII, 42 U.S.C. § 2000e-2(a); (2) religious discrimination under Title VII, 2000e-3(a); (3) retaliation under Title VII, 42 U.S.C. § 2000e-3(a): (4) hostile work environment under Title VII, 42 U.S.C. § 2000e-2(a); (5) invasion of privacy; and (6) intentional infliction of emotional distress ("IIED"). *Id.* ¶¶ 31-68. Snipes alleges she has suffered mental and psychological injuries stemming from this phone call and seeks emotional distress damages for each of her causes of action. *Id.* ¶¶ 34, 40, 46, 54, 62 67. She is claiming $1 million in mental and emotional distress damages. Bernardoni Decl., Ex. C (Response to Interrog. No. 4), ECF No. 75.

On April 2, 2020, the day before the parties filed this joint letter, Snipes dismissed her IIED claim without prejudice. ECF No. 88.

In the joint letter, Snipes maintains she properly produced Kolkey's notes in redacted form because she "occasionally discussed this litigation and the statements and strategy of her attorneys in sessions with her psychotherapist" and her notes "contain several entries regarding Plaintiff's privileged communications with her attorneys." Jt. Ltr. at 3. She argues "[t]hose communications and disclosures of attorney work product, as well as communications between Plaintiff and Ms. Kolkey unrelated to the matters at issue here and as to which Plaintiff asserts privacy rights, were properly redacted from the notes. Production of the unredacted notes would disclose attorney-client privileged communications." *Id.* In response, the government moves to compel the unredacted treatment notes on two grounds: (1) Snipes waived any claim to the psychotherapist-patient privilege; and (2) she waived any claim to the attorney-client privilege by disclosing the communications to a third party.

### III. DISCUSSION

As a preliminary matter, the Court notes that Snipes does not object to production on relevancy grounds. Federal Rule of Civil Procedure 26(b)(1) provides a broad definition of relevance for purposes of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Here, the Court finds the treatment notes are relevant because each of Snipes's remaining claims seeks damages for mental and emotional distress. Thus, the notes could be relevant in

determining, among other things, causation (i.e., whether there were other unrelated sources for her mental and emotional distress) and the magnitude of the alleged distress. *See Fitzgerald v. Cassil*, 216 F.R.D. 632, 634 (N.D. Cal. 2003) (psychological records are relevant in determining whether there were other sources for plaintiffs' distress).

Because the treatment notes are relevant, the question is whether they are protected by the psychotherapist-patient privilege. A party who resists discovery has the burden of demonstrating that it should not be allowed. *Id.* at 636.*Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998) (citation omitted). As reflected by the language of Rule 26, a party may fulfill this burden by making a proper assertion of privilege. *Id.* at 284 (citing Fed. R. Civ. P. 26(b)(5); *Weiland v. City of Concord*, 2014 WL 5358756, at *2 (N.D. Cal. Oct. 20, 2014).

In cases involving both state and federal claims where the evidence in question is relevant to both, federal privilege law applies. *Fitzgerald*, 216 F.R.D. at 635. Thus where, as here, a plaintiff alleges claims under Title VII as well as state law claims and the evidence would be relevant to damages claims under either, federal privilege law applies. *See Stallworth v. Brollini*, 288 F.R.D. 439, 442 (N.D. Cal. 2012).

Under the federal psychotherapist-patient privilege, "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996) (footnote omitted). "Like other testimonial privileges, the patient of course may waive the protection." *Id.* at 15 n.14. However, Snipes "must affirmatively rely on psychotherapist-patient communications in support of her claim before the privilege is waived." *Stallworth*, 288 F.R.D. at 444 (citing *Fitzgerald*, 216 F.R.D. at 637; *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 229 (D. Mass. 1997)).

Here, Snipes has dismissed her IIED claim, represents that she will not rely on the treatment notes in establishing her emotional distress damages, and she will not introduce expert testimony on the subject. These factors are "good enough for her to meet her burden to show that she has not waived the privilege." *Stallworth*, 288 F.R.D. at 444 (psychotherapist-patient privilege not waived where plaintiff did not plan to introduce medical testimony regarding her

3

1 emotional condition at trial); *Fitzgerald*, 216 F.R.D. at 639-40 (no waiver where plaintiffs stipulated that they would not affirmatively rely on any treating psychotherapist or other expert to prove the emotional distress damages suffered, and they did not plead a cause of action for IIED); *Equal Emp't Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 486 (N.D. Cal. 2014) (no waiver where plaintiff did not assert IIED claim, would not rely on psychotherapist-patient communications to prove damages, and no expert testimony would be submitted in support of claim for emotional distress damages).

This is not to say that Snipes has not made her mental condition a subject of the litigation. The Court notes that she seeks recovery for emotional distress damages in each of her five remaining causes of action. Third Am. Compl. ¶¶ 34 (Title VII-Sex Discrimination, claiming Snipes "has suffered, and will continue to suffer, mental and psychological damages in the form of extreme and enduring worry , humiliation, embarrassment, mental anguish, and emotional distress"), 40 (Title VII-Religious Discrimination, claiming the same emotional distress damages), 46 (Title VII-Retaliation, claiming the same emotional distress damages), 54 (Title VII-Hostile Work Environment, claiming the same emotional distress damages), and 62 (Invasion of Privacy, claiming the same emotional distress damages). She repeatedly asserts she "has suffered, and will continue to suffer, mental and psychological damages in the form of extreme and enduring worry, humiliation, embarrassment, mental anguish, and emotional distress." *Id.* ¶¶ 34, 40, 46, 54, 62, 67

However, the Court recently granted the government's motion to compel an independent mental examination pursuant to Federal Rule of Civil Procedure 55, which will enable the government to test the cause, severity, and extent of Snipes's purported emotional distress injuries. ECF No. 84. Further, the government retains the opportunity to cross-examine Snipes concerning other stressors in her life that may have contributed to her alleged emotional distress. The government is also free to examine percipient witnesses or submit other evidence to show that the claim is exaggerated or false. All of these avenues of discovery provide ample fairness to marshal evidence to defeat Snipes's claims. *See Equal Emp't Opportunity Comm'n*, 301 F.R.D. at 486 (although plaintiff's only claim asserted emotional distress damages, court found no waiver where plaintiff "made clear that no psychotherapist-patient communications will be affirmatively relied

upon to prove damages, nor will any expert testimony be submitted in support of the claim."). Accordingly, the Court finds that there has been no waiver of the psychotherapist-patient privilege in this case, and Snipes is therefore not required to produce unredacted copies of her treatment notes. As such, the Court need not address the parties' positions regarding the attorney-client privilege.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** the government's motion to compel Snipes to produce unredacted copies of the treatment notes from her therapist, Zora Kolkey.

**IT IS SO ORDERED.**

Dated: April 9, 2020

THOMAS S. HIXSON
United States Magistrate Judge